RE: CV 08-1284 MHP (PR) 3-27-08
ROJO V. MARSHALL, ET. AL.

FILED

MAR 3 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DEAR CLERK:

I AM ENCLOSING but ONE Copy for Appointment of Counsel due to CMC-EAST's delay tactics in Copying, I have ONE (1) other Copy of the TRO which I had done A month back AND was copied for me by the Prison Law Office, my other TRO which I tried to get copied here At CMC-EAST, CAME back Again. Needless to SAY, I have been having problems with my legal work, had it not been for the Prison Law Office, I would have been back to the 50's As far As policies go.

ALSO, I have enclosed for the Courts viewing why I was put into Segregation And the what they are trying to do - I CAN not get these papers copied At this point, I felt the ~~Could~~ Court Could do their viewing - if there is A need for these documents, I CAN Always refer to them in my pleadings.

Thanking you in Advance for Any And All Consideration rendered in this matter.

SINCERELY,

JAMES E. ROJO

JAMES E. ROJO, J-53355
P.O. BOX 8101 — 4152
SAN LUIS Obispo, CA. 93409-8101

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JAMES E. ROJO,
Plaintiff,
V.
JOHN MARSHALL, WARDEN, et AL;
Defendants

NO. CV 08-1284 MHP (PR)

MOTION FOR APPOINTMENT OF COUNSEL AND DECLARATION OF INDIGENCY

Comes NOW JAMES E. ROJO, plaintiff in the Above-referenced matter, Says that I am incarcerated at California Men's Colony And that I am indigent, unable to Afford Counsel. My total assets are NIL per month. Refer to Forma pauperis form Submitted 3-12-08 From place of detention.

Plaintiff Request this court Appoint Counsel for the following REASONS:

1. Plaintiff is unable to Afford Counsel,
2. The issues involved in this case are complexed,
3. The plaintiff, as a Segregation inmate, has extremely Limited Access to the Law Library.
4. Plaintiff has a Limited Knowledge of the Law.

Dated March 27, 2008.

Submitted By,

/s/ James E. Rojo

JAMES E. ROJO - Plaintiff

PRO SE

JAMES E. ROJO
J-53355 / 4152
P.O. BOX 8101
SAN LUIS, OBISPO, CAL. 93409-8101
IN PRO PER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JAMES ERNEST ROJO,
Plaintiff,

v.

JOHN MARSHALL, WARDEN, ET AL.,
Defendants.

CIV. NO. CV 08-1284 MHP (PR)

ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

JAMES ERNEST ROJO declares under penalty of perjury:

1. I am the Plaintiff in this case. I make this declaration in support of my motion for a temporary restraining order and a preliminary injunction to insure that I receive the necessary care, medical, in a setting contrary to Administrative Segregation unless Defendants can legally establish good and legal cause, then the setting should be in a medical facility such as Vacaville (CMF) California Medical Facility.

2. As set forth in the complaint, Plaintiff has been insured he would have his hernia repaired over a year ago — the promise

was for a month after March 2007. I have been constantly complaining since 2003, I was given Novacain, tylenol, and tylenol 3 for the pain.

3. Dr. Hyashi of Sierra Vista Hospital has already agreed to repair the hernia when he preformed Aorta Anyurizm in Feb. 2007, where he also evaluated the posibility of repairing the hernia but decided against it pending healing of the Aneurysm.

4. Contrary to the record, the promise of the hernia repair within 30 days was never fulfilled or completed.

5. I am suffering irreparable harm in the form of continued physical and mental pain and suffering and an increasing risk of death due to the constriction of the blood supply the bowels and can cause complicated infections and ultimately death.

6. On February 13, 2007, Second Level of Appeal insured repair of my hernia was due thirty-day later—Nothing occurred. On May 21, 2007, third Level of Appeal insured repair of my hernia was in 30 days also, as of February 2008, I still have not had my hernia has not been completed.

7. Defendant Greenman was responsible for medical appointments and surgeries.

8. Defendant N. Grannis is responsible assuring California Men's Colony staff adhere to their responsibility

So that no one here is inducing "Deliberate Indifference to Medical needs."

9. For the reasons set forth in this motion, the Plaintiff is entitled to a temporary restraining order requiring defendant to arrange the hernia repair plan and preliminary injunction requiring defendant to carry out the treatment plan and repair the hernia.

10. Further, for the foregoing reasons, the Court should grant the Plaintiff motion in all respects, including the setting other than Administrative Segregation back to one of the quads, D or C, or in the alternative, recovery to be set in California Medical facility where Plaintiff may get both medical and psychiatric care. In the alternative, the Court could order California Men's Colony to issue all of the Plaintiff's personal and legal property, including but not limited to appliances belonging to Plaintiff — for the record Plaintiff is in Administrative Segregation because an inmate claims that I am his enemy and that is all, no rules violation or infraction was ever committed by Plaintiff yet he is being treated as he has. Prior to leaving my cell I am required to strip naked then be placed in chains to keep a medical appointment or any other appointment, Defendants cannot establish or show how I deserve to be treated as if I had committed a crime or infraction. I am chronic medical care and am lucky if I get the care needed being chained up — it becomes a real hinderance, being 67 years of age.

11. FOR THE AFOREMENTIONED ISSUES, PLAINTIFF IS ENTITLED TO TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION RELIEF, OR ORDER TO SHOW CAUSE WHY THE MOTION SHOULD NOT ISSUE.

PURSUANT TO 28 U.S.C. 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Submitted By

James E. Rojo
JAMES ERNEST ROJO

Dated: MARCH 27, 2008.

"EXHIBITS"

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: MAY 2 1 2007

In re: Rojo, J-53355
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

IAB Case No.: 0612206 Local Log No.: CMC 06-02857

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner C. Hall, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I **APPELLANT'S ARGUMENT:** It is the appellant's position approximately three years ago he had hernia surgery and claims the physician made the incision larger than he should have. As a result, the appellant claims he is in continued pain. The appellant claims he has made several requests to be referred to an off-site hospital to have the hernia repaired. The appellant is requesting to be evaluated by a surgeon outside the institution and for CDC to pay for the services. In addition, the appellant is requesting monetary compensation in the amount of $2,500,000; and, further money if required for surgery. In addition, the appellant is requesting that no retaliation be taken against him for filing this CDC Form 602, Inmate/Parolee Appeal Form.

II **SECOND LEVEL'S DECISION:** It is the institution's position a thorough review of the appellant's Unit Health Record (UHR) was conducted and the appellant was interviewed. Upon review of the UHR, it was determined the appellant had an abdominal aneurysm unrelated to his hernia. Due to the potentially serious nature of the aneurysm, a CDC Form 7243, Physician's Request for Services was completed on January 8, 2007, for a vascular surgery consultation. On January 11, 2007, the appellant was evaluated in the surgery clinic and a treatment plan was discussed. On February 5, 2007, the appellant was evaluated by the surgery specialist and diagnostic studies were completed. On February 7, 2007, health care staff was advised the appellant's surgery was still pending and should be performed within 30 days.

III **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

A. **FINDINGS:** It is the appellant's contention he had a herniorrhaphy approximately three years and the surgeon left an incision larger than he should have. The appellant requested to be evaluated by an off-site surgeon for further surgical intervention. The appellant's UHR was reviewed and determined the appellant had an abdominal aneurysm, a potentially dangerous diagnosis. As a result, a CDC 7243 was submitted for vascular surgery, and he subsequently underwent the abdominal aneurysm repair. On May 4, 2007, the reviewer was informed by C. Ortiz, Medical Appeals Analyst, the appellant is currently awaiting surgical repair of the hernia; however, until the aneurysm surgical site has completely healed, as recommended by the general surgeon, the herniorrhaphy will not be completed. After review, health care staff have not denied health care as they are systematically treating the appellant's symptomology as deemed medically necessary and safe; therefore, intervention at the Director's Level of Review (DLR) is not warranted. In addition, the appellant is advised the awarding of monetary compensation is beyond the scope of the appeal's process and will not be addressed at the DLR.

A hernia is a movement of a part of the body into another region, generally through an opening that is either abnormal or is abnormally large so as to allow the passage of this tissue. There are many, many types of hernias. One of the most common is an 'inguinal hernia'. This type of hernia is found in the groin region. The reason why a hernia forms here is because there is an opening from the abdominal cavity to the groin through which the blood vessels to the testicles emerge and travel to the scrotum. Normally, as there are two offset openings that are relatively small, the abdominal contents do not pass through this opening. However, in individuals in which the opening is larger that normal or with constant straining, leading to pressure of the abdominal contents, these contents (including the bowel) can pass alongside

the testicular vessels and ultimately down into the scrotum. An umbilical hernia is one in which the abdominal contents bulge out through what is normally a very small opening behind the belly button. Either because the opening was a bit larger or with pressure (or a combination of both), the abdominal contents can bulge out of the opening. The most common problems that bring patients to see their physicians are pain/pressure and an abnormal appearance. Some men are bothered by the bulge itself. Some are bothered by the pain and discomfort when the contents bulge out of the opening. The most serious complication can occur when abdominal contents (such as bowel) bulge into the opening. Often, they can be manually pushed back into the abdomen. However, if they bulge out and then the narrowness of the opening causes a constriction of the blood supply, the bowel can die and its contents leak, leading to significant and potentially life-threatening infectious complications. It is the appellant's contention he had a herniorrhaphy approximately three years ago and claims he still has continual pain at the operative site. Upon review of the appellant's UHR, it was determined he had an abdominal aneurysm, unrelated to the hernia. Due to the potentially serious nature of the aneurysm, the appellant was referred to the vascular surgeon. On February 5, 2007, the appellant was evaluated by the specialist and was scheduled for surgery. On February 7, 2007, health care staff was informed the surgery was still pending and should be conducted within 30 days.

**B. BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3350, 3350.1, 3354

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, CMC
Health Care Manager, CMC
Appeals Coordinator, CMC
Medical Appeals Analyst, CMC

State of California | Department of Corrections and Rehabilitation

California Men's Colony

# MEMORANDUM

**APPEAL RESPONSE LEVEL:** SECOND LEVEL

Date : Tuesday, February 13, 2007

To : ROJO, JAMES

CDC# : J53355

APPEAL LOG # : CMC-E-06-02857

ISSUE APPEALED : Medical

INTERVIEW:

You were interviewed 1/8/07, and given the opportunity to clarify the issue of this appeal before two panel physicians and the medical appeals analyst.

PROBLEM / DESCRIPTION:

Rojo, J. J53355: In your written appeal dated 12/10/06, you state approximately three years ago you had hernia surgery. You allege the physician made the incision larger than he should have and you continue to have pain. You state you have requested to be sent to an outside hospital to have the hernia fixed. You are requesting to see a surgeon outside of the institution and for CDCR to pay for the services. You are also requesting monetary compensation in the amount of 2.5 million, and any further money needed for the surgery. No retaliation against you for filing this CDCR 602.

RESPONSE:

You were interviewed and your medical record was reviewed as a result of this appeal. During your interview it was determined you needed further evaluation and probable surgery for an abdominal aortic aneurysm, a serious problem unrelated to your hernia. A Referral for Services (RFS) was completed on 1/08/07 to vascular surgery. On January 11, 2007, you were evaluated in the surgery clinic, and a treatment plan was discussed. On February 5, 2007, you received an evaluation by the specialist and diagnostic tests were conducted at that time. Contact was made with the specialty clinic on February 7, 2007 to confirm your surgery is pending. You should be scheduled within the next 30 days.

Your request for monetary compensation is beyond the scope of the appeals process and therefore denied. You shall not be retaliated against for filing this CDCR 602 pursuant to CCR Title 15 Section 3084.1(d) no reprisal shall be taken against an inmate or parolee for filing an appeal.

APPEAL DECISION: Partially Granted

[signature] 2/14/07

E. GREENMAN, MD
Health Care Manager

Date

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region 1. CMC-E 2.
Log No. 1. 06-02857 2.
Category: Medical

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Rojo, James | J-53355 | ç6 Bldg, Porter, 2nd floor | 6294 |

A. Describe Problem: Approximately three years ago, I had a hernia fixed by Dr. Bohime, the institutional surgon. The operation did not hold and he made the cut alot bigger than need by. As a result, the hernia has since grown and I am in alot of pain. I have been to sick call numerous times and have been put on tylenol and at time codine 3. I since then requested that I be sent to an outside surgeon as it will make the fourth time CDC has attempted to fix the hernia, and as a result, I have been informed that if they do allow me to get the out-side surgeon, that it will all be charged to me,and that is as far as the

If you need more space, attach one additional sheet. see attached

B. Action Requested: That I be taken to an out-side surgeon for a proper surgery and that I not be charged as the department would like and or in the interm, make payment to this write in the amount of 2.5 million so as to hire the doctor of my choice and other matter connected with the surgery, and any further monies which

Inmate/Parolee Signature: [signature] Date Submitted: 12-10-06

C. INFORMAL LEVEL (Date Received: )

Staff Response:

BYPASS

Staff Signature: Date Returned to Inmate:

RECEIVED FEB 26 2007 INMATE APPEALS BRANCH

A3 - Sect #

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

RECEIVED MAR 26 2007 INMATE APPEALS BRANCH

Signature: Date Submitted:

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:



First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: ____ Due Date: ____

Interviewed by: ____

BYPASS

Staff Signature: ____ Title: ____ Date Completed: ____

Division Head Approved: Returned

Signature: ____ Title: ____ Date to Inmate: ____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

BYPASS

Signature: ____ Date Submitted: ____

Second Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 12-11-06 Due Date: 1-25-2007

☒ See Attached Letter

FEB 15 2007

CMC APPEALS OFFICE

Signature: E. Greenman, M.D., HCM Date Completed: ____

Warden/Superintendent Signature: [signature] Date Returned to Inmate: FEB 16 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

SEE ATTACHED FOR REASONS

Signature: [signature] Date Submitted: 3-21-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

☒ See Attached Letter

Date: MAY 21 2007

CDC 602 (12/87)

continuation of 602

Rojo, J. J-53355 6294

matter has gone. I have been in constant pain and allowed only to take tyle 3 and tylenol as perscribed by my care doctor. It should be noted that the tiage nurses have been attempting to get me to allow Dr. Bohiem to redoe the operation, and in their words, "He may just do a better job", at which I did decline. I did inform them that it would be the fourth time an attempt woul made to fix the hernia. I have difficult in putting my right shoe on due to the side sticking out so far, and the restrictions I have been put on due to the possibility of more damage done to my side. I am also not in to taking too much of any kind of pain killer as it will only come back when they ware off, I need my side fixed and need it done by someone on the out side who ca do the job right and done with scopic surgery, the new process that does not need cutting of any big magnitude.

By:

12-10-06

James E. Rojo
J-53355 / 6294

**ACTION REQUESTED**

may be needed for the purpose of the operaation. Further, that there be no kind of retailation for this 602.

Submitted by:

12-10-06

James E. Rojo
J-53355 / 6294

602 APPEAL FOR THIRD LEVEL ACTION, Re: CMC-E-06-02857

ROJO, JAMES, J-53355, 6294

In response to the second level appeal, it should be noted that their respc is in total error, I did not appeal before any panel of doctors whatsoever, was informed by the appeals regulator that my doctor was in fact on the pan and he was the one who stated I needed work done on me,I was never intervie by anyone, I had to make all the requests. I spoke with the surgeon and he informed me that he could fix the hernia also, after he fixes my aneurysm but he wants to fix the arotea first, and then fix the hernia. It should b noted that my surgery will take place this February 20, 2007 and all the arrangements have been made and are pending.

I am not satisfied with the out-come of this action, there is mention of th monetary damages incurred due to the mishaps due to the doctor's operative actions on my side, and I will not accept anything smaller than 500,000.00 from any entity as this issue has caused deep wounds in my body and mind al as well psychologically and it is I how has to live with this matter, espec ially when my trust had been put in the department's professional doctors.. and as a result, I will be put under the surgeons knife for the fourth time on the same matter. NO HERNIA OPERATION WAS DONE, ALTHOUGH THERE WAS AGREEMENT BY DR. HAYASHI

Submitted by:

J.E. Rojo

James E. Rojo
J-53355 / 6294

ACTION REQUESTED

That Sacramento issue their order for the action I requested in the first place and send me the money requested, and/or wait till the matter goes to the courts and the amount will by then grow bigger.

By:

James E. Rojo
J-53355 / 6294

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION ARNOLD SCHWARZENEGGER, GOVERNOR

***INMATE APPEALS BRANCH***

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001




March 14, 2007

ROJO, CDC #J-53355
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Re: Institution Appeal Log #CMC 06-02857 Medical

Dear Mr. ROJO:

The enclosed documents are being returned to you for the following reasons:

Your appeal is incomplete. You must include supporting documentation. Your appeal is missing completion of Section H on the appeal form. There is no request for a Director's Level Review and no explanation as to why you may be dissatisfied with the Second Level Response; your signature and date on the form requesting a Director's Level Review. Completed

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process. Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

DISTRIBUTION:
WHITE - CENTRAL FILE
BLUE - INMATE (2ND COPY)
GREEN - ASU
CANARY - WARDEN
PINK - HEALTH CARE MGR
GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME | CDC NUMBER |
|---|---|
| [illegible] JAMES [illegible] | J-53365 |

**REASON(S) FOR PLACEMENT *(PART A)***

- ☐ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
- ☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
- ☐ ENDANGERS INSTITUTION SECURITY
- ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

[illegible]

☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| [illegible] | [illegible] | [signature] | [illegible] |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [signature] | [illegible] |

| ☐ INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|
| | | [illegible] |

**ADMINISTRATIVE REVIEW *(PART B)***

***The following to be completed during the initial administrative review by Captain or higher by the first working day following placement***

**STAFF ASSISTANT (SA)** | **INVESTIGATIVE EMPLOYEE (IE)**

| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
|---|---|---|---|
| | | | |

**IS THIS INMATE:**

| | | |
|---|---|---|
| LITERATE? | ☐ YES | ☐ NO |
| FLUENT IN ENGLISH? | ☐ YES | ☐ NO |
| ABLE TO COMPREHEND ISSUES? | ☐ YES | ☐ NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | ☐ YES | ☐ NO |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES | |

Any "NO" requires SA assignment

☐ NOT ASSIGNED

| | | |
|---|---|---|
| EVIDENCE COLLECTION BY IE UNNECESSARY | ☐ YES | ☐ NO |
| DECLINED ANY INVESTIGATIVE EMPLOYEE | ☐ YES | ☐ NO |
| ASU PLACEMENT IS FOR DISCIPLINARY REASONS | ☐ YES | ☐ NO |
| DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | ☐ YES | |

Any "NO" may require IE assignment

☐ NOT ASSIGNED

**INMATE WAIVERS**

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER ☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| ☐ NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE |
|---|---|---|
| | | |

**WITNESSES REQUESTED FOR HEARING**

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

**DECISION:** ☐ RELEASE TO UNIT/FACILITY__________ ☐ RETAIN PENDING ICC REVIEW ☐ DOUBLE CELL ☐ SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| | | | | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|
| | | |

**See chronological Classification Review document (CDC 128 - G) for specific hearing information**

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

# CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: J-53355 (RM: 4152) INMATE NAME: ROJO, JAMES

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated ______ submitted by

______
STAFF NAME, TITLE

b) ~~CDC-114-D,~~ Order and Hear~~ing~~ for Placement in Segregated Housing dated 11-21-2007.

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☐ More than one source independently provided the same information.

d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☐ Part of the information provided by the source(s) has already proven to be true.

f) ☒ Other **(EXPLAIN)** Confidential source is the victim

3) Disclosure of information received.

The information received indicated the following: Source #2 A confidential source indicated fear for his safety if housed in the same facility as you as the source believes you were an inmate who was supposed to assault the source while house together at a previous institution.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). ~~Per confidential CDCR-128B dated 12/7/05 authored by Sergeant R. McClain located in the confidential section of C-File~~

[signature] STAFF SIGNATURE, TITLE

12/6/07 DATE DISCLOSED

**DISTRIBUTION:** WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

THIS ONE IS THE ONE WHERE THERE IS AN OUT + OUT LIE!!!

OSP 06 96453

STATE OF CALIFORNIA
CDC 1030 (12/86)

This ONE is ON
C Hru. Williams, T-03647

DEPARTMENT OF CORRECTIONS

# CONFIDENTIAL INFORMATION DISCLOSURE FORM

**INMATE NUMBER:** J-53355 (RM: 4152) **INMATE NAME:** ROJO, JAMES

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated ______ submitted by ______
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated 11-21-2007.

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.
b) ☐ This source participated in and successfully completed a Polygraph examination.
c) ☐ More than one source independently provided the same information.
d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.
e) ☐ Part of the information provided by the source(s) has already proven to be true.
f) ☒ Other **(EXPLAIN)** Confidential source is the victim

3) Disclosure of information received.

The information received indicated the following: Source #1 A confidential source indicated fear for his safety if you were retuned to the CMC-E GP in that you would pressure him for money and items and possibly inflict physical harm if the source did not comply with your demands.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). Per confidential CDCR-128B dated 11/13/07 authored by Officer M. Baxstresser located in the confidential section of C-File.

Tayell??? [signature] STAFF SIGNATURE, TITLE 12/6/07 DATE DISCLOSED

**DISTRIBUTION:** **WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use**

OSP 06 96453

1st one - Shot 3rd 4th to hell!

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

# CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: J-53355 INMATE NAME: ROJO, James

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated ______ submitted by

______
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated 11/1/07.

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☐ More than one source independently provided the same information.

d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☒ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (EXPLAIN) ______

3) Disclosure of information received.

The information received indicated the following: On 11/1/07, you were identified as a participant in the battery on Inmate Walton, Thomas, V-17059, on the C Quad Yard on 10/30/07.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). Confidential 128B, dated 11/1/07. authored by C/O Cones, located in the confidential section of Inmate ROJO's Central File.

[signature]
STAFF SIGNATURE, TITLE

11-1-07
DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

OSP 98 14546

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| ROJO, JAMES (AM) (CCCMS) [illegible] To: 4/190 | J-53355 |

## REASON(S) FOR PLACEMENT *(PART A)*

- [x] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
- [x] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
- [X] ENDANGERS INSTITUTION SECURITY
- [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On this date, November 01, 2007, you are being rehoused into Administrative Segregation (ASU) for [illegible] October [illegible] 2007 at approximately 0930 hours, a battery on inmate Walton, Thomas ([illegible]) occurred [illegible] yard. On this date (November 01, 2007) reliable confidential information [illegible] possible involvement in this matter. As such, you are being removed from general population to protect the integrity of an ongoing investigation into this matter. You will remain in ASU until such time [illegible] completion of any possible disciplinary action, and review by the Institutional Classification Committee [illegible] appropriate housing and program needs.

- [ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)
- [x] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: 11/1/07

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 11-01-07 | C. BAKER | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 11-1-07 | 1530 | R Flowers | R Flowers | SO |

| [X] INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|
| | IN MHCB | J-53355 |

## ADMINISTRATIVE REVIEW *(PART B)*

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

### STAFF ASSISTANT (SA)

| STAFF ASSISTANT NAME | TITLE |
|---|---|
| | |

**IS THIS INMATE:**

| | | |
|---|---|---|
| LITERATE? | [ ] YES | [ ] NO |
| FLUENT IN ENGLISH? | [ ] YES | [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [ ] YES | [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES | [ ] NO |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | |

Any "NO" requires SA assignment

- [ ] NOT ASSIGNED

### INVESTIGATIVE EMPLOYEE (IE)

| INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
|---|---|
| | |

| | | |
|---|---|---|
| EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES | [ ] NO |
| DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES | [ ] NO |
| ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES | [ ] NO |
| DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES | |

Any "NO" may require IE assignment

- [ ] NOT ASSIGNED

### INMATE WAIVERS

- [ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER
- [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME
- [ ] NO WITNESSES REQUESTED BY INMATE

| INMATE SIGNATURE | DATE |
|---|---|
| IN MHCB | 11-1-07 |

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| | | | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY________ [ ] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| | | | | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|
| | | |

**See chronological Classification Review document (CDC 128 - G) for specific hearing information**

State of California Department of Corrections and Rehabilitation

# Memorandum

Date : July 23, 2007

To : ALL INMATES ASSIGNED TO CMC ASU

Subject: **CMC ASU SMALL MANAGEMENT YARD (SMY) RULES**

The yards are approximately ten (10) by fifteen (15) feet, are partially covered and include a toilet/sink unit. There are two (2), three and one half hour (3.5) exercise periods, scheduled six (6) days per week. The AM session is scheduled 0800 to 1130 hours and the PM session is scheduled 1200 to 1530 hours.

- Inmates must submit to unclothed body searches and all clothing and property must be searched prior to being authorized to access the SMYs.

- Early "in-lines" are not authorized with these exceptions: inmates who are prescribed "heat medications" and the UHT is reached, unscheduled appointments, or because of illness/injury.

- Cellmates will be assigned to the same SMY and do not have the option of going to separate SMYs, however, if one cellmate refuses to attend yard the remaining cellmate may attend yard.

- You will be afforded the opportunity to cut your hair and nails and shave your face. You are required to clean-up your own debris.

Allowable clothing/items:

- One Boxer Shorts
- One T-Shirt
- One Pair of Socks
- One Pair of Soft Shoes or Shower Shoes
- One Jump Suit
- When the temperature reaches 60° or below or when raining, jackets will be made available.
- One Bar of Soap
- One Towel

Inmates must obey the following rules:

- Inmates will not impede the process of yard release and recall by stopping or conversing with others during escorts.
- Inmates will not "horseplay", shadowbox or practice martial arts.
- Inmates will not call cadence, especially gang/geographic or racially related cadence.
- Inmates will not sunbathe in the nude.
- Inmates will not climb on fencing or hang clothing/laundry or items on fencing.
- Inmates will not stand or step on toilet or sink.
- Inmates will not attempt to converse with inmates in the B-Quad Recreational Yard.
- Inmates will not pass anything between the inmates in the SMYs or to the inmates in general population.

Any violations of these rules may result in the immediate termination of the applicable yard period and the suspension of yard privileges pending disciplinary/committee action.